Filed 2/14/22  P. v. Soy CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIRIVUTHY SOY,<br><br>    Defendant and Appellant. | B307805<br><br>(Los Angeles County<br>Super. Ct. No. NA074870)<br><br>**OPINION ON REMAND** |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Gary J. Ferrari, Judge.  Reversed and remanded with directions.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kirivuthy Soy appealed the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  The parties agreed that because the record of conviction does not demonstrate appellant is ineligible for relief as a matter of law, the superior court summarily denied the petition in error.  In our original opinion we reversed the superior court's order and remanded the matter for further proceedings in accordance with section 1170.95, subdivision (d).  (*People v. Soy* (Aug. 13, 2021, B307805) (*Soy II*).)  We further directed that if the superior court conducts an evidentiary hearing in accordance with section 1170.95, subdivision (d)(3), the court, acting as an independent fact finder, must determine whether the prosecution has established beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder that remains valid after the changes in the law engendered by Senate Bill No. 1437, and is thus ineligible for relief.  (*Soy II*.)  In so holding we rejected the substantial evidence standard set forth in *People v. Duke*.[2]

The Attorney General filed a petition for review in the California Supreme Court requesting that the court take the case and hold it behind *People v. Duke*, S265309.  The California Supreme Court granted review and deferred further action pending consideration and disposition of a related issue in *People v. Duke*, S265309.  On December 22, 2021, the California Supreme Court transferred the case back to this court with

_____

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Duke* (2020) 55 Cal.App.5th 113, review granted Jan. 13, 2021, S265309, judgment vacated and cause remanded for further consideration in light of Senate Bill No. 775 (*Duke*).

directions to vacate our prior decision and reconsider in light of Senate Bill No. 775.  (Stats. 2021, ch. 551, § 2.)

Accordingly, it is ordered that the previous opinion and decision (*Soy II*) filed in this case is vacated.  Upon reconsideration in light of Senate Bill No. 775, we again conclude that the superior court erred in denying appellant's petition under section 1170.95.  We therefore remand the matter for the issuance of an order to show cause and further proceedings in accordance with section 1170.95, subdivision (d).  If the superior court conducts an evidentiary hearing in accordance with section 1170.95, subdivision (d)(3), the court, acting as an independent fact finder, must determine whether the prosecution has established beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder that remains valid after the changes in the law engendered by Senate Bill No. 1437.[3]

### FACTUAL[4] AND PROCEDURAL BACKGROUND

Appellant Kirivuthy Soy and his twin brother, Kirivudy (D. Soy), were jointly tried and convicted of the second degree

---

[3] On remand, appellant seeks reconsideration of his motion for resentencing under Senate Bill No. 620.  However, if the trial court grants appellant's section 1170.95 petition, the firearm enhancement would necessarily be stricken as part of resentencing, making appellant's request moot.  If the resentencing petition is denied after an evidentiary hearing, appellant would not be entitled to relief under Senate Bill No. 620 because his conviction is final.

[4] The statement of facts is drawn from this court's decision filed on September 14, 2015, in appellant's direct appeal from his conviction.  (*People v. Kirivudy Soy et al.* (Sept. 14, 2015, B253692) [nonpub. opn.] (*Soy*); *People v. Cruz* (2017) 15

murder of Dara Ork.  While appellant pointed a firearm at one of Ork's companions, D. Soy ran toward Ork and stabbed him.  Ork suffered eight stab wounds and died.  (*Soy*, *supra*, B253692.)

At trial the jury was instructed that appellant could be found guilty of murder either as a direct aider and abettor or under the natural and probable consequences doctrine if he aided and abetted an assault with a deadly weapon.  Finding appellant and his brother guilty of second degree murder, the jury found that D. Soy had personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)), and appellant had personally and intentionally used a firearm (§ 12022.53, subd. (b)).  The trial court sentenced appellant to a term of 15 years to life plus 10 years for the use of a firearm.  (*Soy*, *supra*, B253692.)

We affirmed the judgments of conviction as to both defendants on direct appeal.  Based on the evidence that D. Soy stabbed Ork to death while appellant pointed a firearm at Ork's companion, we concluded "there was sufficient evidence to support the finding that [appellant] aided and abetted D. Soy's crime."  We further noted that "even if the intended crime was only an assault with a deadly weapon, the jury was also instructed on aiding and abetting within the theory of natural and probable consequences.  (CALJIC No. 3.02.)"  (*Soy*, *supra*, B253692.)

On December 13, 2019, appellant filed a section 1170.95 petition seeking to have his murder conviction vacated, as well as a request for resentencing under Senate Bill No. 620.  Following briefing and argument by the parties, the trial court summarily

---

Cal.App.5th 1105, 1110 [appellate opinion is part of the record of conviction].)

4

denied the section 1170.95 petition for failure to state a prima facie case for relief. Noting that appellant's conviction was final, the court also denied the request for resentencing under Senate Bill No. 620 for lack of jurisdiction.

## DISCUSSION

I. **Appellant's Petition Stated a Prima Facie Case for Relief Under Section 1170.95, Thus Necessitating Remand to the Trial Court to Issue an Order to Show Cause and Conduct an Evidentiary Hearing**

A. *Applicable Law*

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).) To accomplish this objective with respect to the natural and probable consequences doctrine, Senate Bill No. 1437 added section 188, subdivision (a)(3), defining malice, to require that all principals to murder must act with express or implied malice to be convicted of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2; *Gentile*, at pp. 842–843.) By these amendments, Senate Bill No. 1437 thus altogether eliminated natural and probable consequences liability for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

5

With the addition of section 1170.95, Senate Bill No. 1437 also allows a person previously convicted of murder under a natural and probable consequences theory to seek resentencing if he or she could no longer be convicted of murder because of the amendments to section 188.[5]  (*Lewis*, *supra*, 11 Cal.5th at p. 957; *Gentile*, *supra*, 10 Cal.5th at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)

When a petition for resentencing under section 1170.95 meets the basic requirements set forth in subdivision (b)(1) and (2), the superior court must appoint counsel for petitioner if requested (§ 1170.95, subd. (b)(3)), the prosecutor must then file a response to the petition, and the petitioner may file a reply (*id.*, subd. (c)).  After the parties have had an opportunity to submit briefing, the superior court is required to "hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid.*; *Lewis*, *supra*, 11 Cal.5th at p. 960.)

With the benefit of the parties' briefing, the superior court may then consider the petitioner's record of conviction, including the jury instructions, verdict form(s), and any special findings or enhancement allegations the jury found true to determine if the petition makes a prima facie showing of entitlement to relief. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 (*Duchine*).)  Although "[t]he

---

[5] As amended by Senate Bill No. 775, section 1170.95 now also applies to persons previously convicted of attempted murder or manslaughter under a natural and probable consequences theory.  (§ 1170.95, subd. (a).)

6

record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless [¶] . . . [¶] the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Thus, in conducting its prima facie review, the superior court does not engage in factfinding, but " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*, quoting *Drayton* (2020) 47 Cal.App.5th 965, 978 (*Drayton*).)

If the trial court determines that petitioner has made a prima facie showing for relief, the court must issue an order to show cause, and then must "hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1); see *Lewis*, *supra*, 11 Cal.5th at p. 960.) Subdivision (d)(3) further provides: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (See *Lewis*, at p. 960.)

**B. *The superior court erred in denying appellant's section 1170.95 petition without issuing an order to show cause and conducting an evidentiary hearing.***

Appellant's petition satisfied the criteria for a facially sufficient petition under section 1170.95, subdivision (b), and the record of conviction did not demonstrate ineligibility for relief as a matter of law. Remand is required to enable the superior court to issue an order to show cause and conduct an evidentiary hearing under section 1170.95, subdivisions (c) and (d).

A defendant is ineligible for relief *as a matter of law* where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests—upon on a theory of liability that is unaffected by section 1170.95 (that is, on the theory that defendant was the actual killer or directly aided and abetted the killing).

Here, the record of conviction does not establish, *as a matter of law*, that appellant is not eligible for relief. The record shows that appellant did not personally kill Ork, but there was substantial evidence to support both direct aiding and abetting and natural and probable consequences theories of guilt. The fact that substantial evidence supports appellant's conviction on a valid theory, however, does not mean that the record in this case conclusively shows that the jury *actually relied* upon that valid theory or that the jury did not rely on the invalid theory. (*Drayton, supra*, 47 Cal.App.5th at p. 968 [in assessing whether a petitioner has established a prima facie case, the trial court "should accept the assertions in the petition as true unless facts in the record *conclusively refute them as a matter of law*"], italics added.) To the contrary, the record in this case reveals that the jury was instructed on two theories—one valid under section

1170.95 (that is, direct aiding and abetting) and one invalid under section 1170.95 (that is, natural and probable consequences liability with the underlying crime being assault with a deadly weapon)—and the jury's general verdict finding of guilt does not conclusively establish *which* of these theories the jury actually relied upon in returning that verdict.

In sum, because appellant has made a prima facie showing that he is entitled to relief under section 1170.95 and the record of conviction does not show him to be ineligible as a matter of law, the trial court's summary denial of his petition was in error. The matter is therefore remanded to the trial court for issuance of an order to show cause and an evidentiary hearing in accordance with subdivisions (c) and (d) of section 1170.95.

**C. *At the evidentiary hearing under section 1170.95, subdivision (d), the People must prove, beyond a reasonable doubt, every element of liability for murder under current law.***

In our prior opinion, we noted a split in authority among the Courts of Appeal on what legal standard a superior court should apply at a section 1170.95, subdivision (d) hearing. (Compare *Duke*, *supra*, 55 Cal.App.5th at p. 123, rev.gr., vacated ["[t]o carry its burden, the prosecution must . . . prove beyond a reasonable doubt that the defendant *could* still have been convicted of murder under the new law—in other words, that a reasonable jury could find the defendant guilty of murder with the requisite mental state for that degree of murder. This is essentially identical to the standard of substantial evidence"] with *People v. Fortman* (2021) 64 Cal.App.5th 217, 226, review granted July 21, 2021, S269228, judgment vacated and cause remanded for further consideration in light of Senate Bill No. 775

9

["at the hearing contemplated by section 1170.95, subdivision (d), the People are required to prove *to the trial court* beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder valid after Senate Bill No. 1437's enactment"].) Senate Bill No. 775 put that disagreement to rest.

"At the hearing to determine whether the petitioner is entitled to relief" the parties may "offer new or additional evidence to meet their respective burdens," but it is the prosecution's burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" and thus ineligible for relief under section 1170.95. (§ 1170.95, subd. (d)(3).) As amended by Senate Bill No. 775, subdivision (d)(3) of section 1170.95 now clarifies that the superior court, sitting as finder of fact, "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." The Legislature also amended section 1170.95 to specifically state: "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3); Legis. Counsel's Dig., Sen. Bill No. 775 (2021–2022 Reg. Sess.) ["This bill would specify that a finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing"].)

On remand for an evidentiary hearing in accordance with section 1170.95, subdivision (d)(3) as amended, the superior court

must make an independent finding on proof beyond a reasonable doubt by the People that the petitioner is guilty of murder. "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3).)

## II. Appellant's Request for Reconsideration of his Motion to Strike the Firearm Enhancement in Combination with Resentencing Is Moot

Appellant requests that on remand, should the superior court resentence him under section 1170.95, the court be directed to entertain his motion to strike the firearm enhancement imposed under section 12022.53, subdivision (b). If the court grants appellant's section 1170.95 petition and resentences him, however, the firearm enhancement would necessarily be stricken because his only remaining conviction would be assault with a deadly weapon, which is not one of the offenses enumerated in section 12022.53. In that instance, appellant's request would be moot. On the other hand, if the trial court denies the resentencing petition after an evidentiary hearing, appellant would not be entitled to relief under Senate Bill No. 620 because his conviction remains final.

11

**DISPOSITION**

The order denying appellant's Penal Code section 1170.95 petition is reversed. The matter is remanded to the superior court for the issuance of an order to show cause and further proceedings in accordance with Penal Code section 1170.95, subdivision (d). At any evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), the court, acting as an independent fact finder, must determine whether the prosecution has established beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder that remains valid after the changes in the law engendered by Senate Bill No. 1437 and is thus ineligible for relief.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

12